IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY L. FARR,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | 03-CV-310 |
| | : | |
| **COMMISSIONER OF SOCIAL SECURITY,** | : | **JUDGE VANASKIE** |
| | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff Gary L. Farr's Objections to a Magistrate Judge's Report and Recommendation ("R&R"), proposing that this Court affirm the decision of the Commissioner of Social Security denying Mr. Farr's application for disability insurance benefits. The factual background of this matter is presented in the R&R, and will only be briefly re-stated here.

Plaintiff essentially was steadily employed in physically demanding jobs from completion of high school in the early 1970s until December of 1994. He had knee surgeries while in high school, left shoulder rotator cuff repair in 1991 and 1994, and bilateral carpal tunnel releases in 1995. Other than some brief periods of part-time work as a gas station attendant and as a vehicle driver, Mr. Farr has not been employed since December 10, 1994. He was last insured for disability benefits on September 30, 1999, and

first applied for disability insurance benefits in January of 2001.[1]

While disability is attributed to a combination of left knee, left shoulder and bilateral carpal tunnel problems, it is clear that Mr. Farr's principal complaint concerns chronic hand pain. In an "Employability Assessment" form dated January 19, 2001, Dr. Mark S. Anthony, a physician who had treated Mr. Farr in connection with his carpal tunnel syndrome and related hand pain, opined that Mr. Farr was permanently disabled due to the hand pain. (R. 228-29.) Mr. Farr contends that the Commissioner erred in failing to accord "special significance" to this treating physician's opinion. (Exceptions to the R&R, Dkt. Entry 20, at 11-13.)

The Administrative Law Judge, in his May 17, 2005 Decision, did address Dr. Anthony's opinion of permanent disability expressed in January, 2001. In not according the opinion controlling weight, the ALJ observed:

> [Plaintiff's] treating doctors were of the opinion <u>during the relevant period</u> that the claimant was able to return to some kind of work. He was unable to return to his past relevant work because it was too heavy and he is no longer capable of heavy lifting, but both Dr. Anthony and Dr. Marshall thought he could do some kind of lighter work.

(R. 25; emphasis added.) There is substantial evidence in the record supporting this observation. Specifically, the records of the attending physicians contain their conclusions

---

[1] At the time of the hearing conducted in this matter on remand in April of 2005, Mr. Farr was receiving workers' compensation benefits. (R. 68.)

2

that Mr. Farr was capable of work activity prior to the date last insured.  (R. 191-93.)  Thus, for example, in November of 1996, Dr. Marshall reported that Mr. Farr "should be able to find some meaningful work that he could handle."  (R. 191.)  It does not appear that Plaintiff visited Drs. Anthony or Marshall between June of 1999 and May of 2000, suggesting that his hand pain was not severe.  (R. 189.)  Moreover, as the ALJ found, "objective studies in the record, such as the nerve conduction study and EMG, showed only mild or no objective medical evidence of carpal tunnel syndrome."  (R. 25-26.)  An office visit notation made by Dr. Marshall on June 24, 1998, supports this finding, indicating that objective examination "showed that [Mr. Farr] probably has some residual of both hands <u>but mild</u>."  (R. 190; emphasis added.)  A more recent entry of Plaintiff's new treating physician, Dr. Hoda, stated that an "EMG did not show any evidence of carpal tunnel or ulnar tunnel syndrome." (R. 247.)

      The ALJ also referenced the opinions of non-examining physicians that were based upon the objective medical evidence. (R. 25-26.)  The non-treating physicians found that the objective medical evidence did not support a finding of disability.  (R. 218-26; 230-38.)

      Viewing the record as a whole, this Court finds that the Commissioner's decision to not give significant weight to the conclusory opinion of Dr. Anthony is supported by substantial evidence.  That is, the objective medical evidence, preceding and post-dating September 30, 1999, as well as the other medical evidence based on Plaintiff's subjective

complaints during the period when Mr. Farr was insured for disability benefits, is such that a reasonable person would rely upon it to conclude that plaintiff's conditions did not preclude him from gainful employment.

Furthermore, contrary to Plaintiff's suggestion, the conclusory opinion of Dr. Anthony expressed on a two-page form is not entitled to significant weight. First, "a statement by a plaintiff's treating physician that [he] is 'disabled' or 'unable to work' is not dispositive." Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994). And second, "[f]orm reports in which the physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). The ALJ thus did not err in his consideration of the conclusory opinion of Plaintiff's treating physician. See Mangrum v. Barnhart, 184 Fed. Appx. 202, 203-04 (3d Cir. 2006)(ALJ did not err in failing to accord one-page certifications any special weight because they were conclusory and uncorroborated by the medical evidence); Dixon v. Commission of Social Security, 183 Fed. Appx. 248, 252 (3d Cir. 2006)("the ALJ was not required to give force to the opinions of Dixon's treating physicians insofar as they were conclusory opinions, unsupported by medical evidence"). Jones v. Sullivan, 954 F.2d 125-129 (3d Cir. 1991)(holding that conclusory opinion of treating physician that failed to explain why long-standing condition did not incapacitate plaintiff until recently and which was contradicted by state agency physicians was not

entitled to significant weight).[2]

Plaintiff's second objection to the R&R is that insignificant weight has been accorded Plaintiff's work history.  While Plaintiff's work history would support an inference that he is not a malingerer, it does not affect the residual functional capacity determination made by the ALJ.  As observed by the Magistrate Judge, "[t]he plaintiff's work history being fully considered, nevertheless, the plaintiff does not present reasons why he cannot perform the sedentary jobs that the ALJ has found he could perform."  (R&R at 11).  In this regard, the hypothetical question posed to the vocational expert credited Plaintiff's testimony that he could only lift and carry ten pounds occasionally, would have to be able to stand, walk and

---

[2] The Magistrate Judge found that the ALJ had erred in assuming that the opinion expressed by Dr. Anthony in 2001 reflected a deterioration in Plaintiff's condition. (R&R at 9.)  The Magistrate Judge indicated that it would not be appropriate to assume a deterioration in condition to preclude reliance upon the January, 2001 opinion as indicative of Plaintiff's condition prior to September 30, 1999.  A close examination of the ALJ's decision, however, does not confirm the Magistrate Judge's conclusion that the ALJ had rejected Dr. Anthony's opinion because of assumed deterioration in the claimant's condition.  Instead, at page 4 of the decision, the ALJ referred to the passage of time between the first hearing in this matter, which occurred in 2002, and the second hearing in 2005, as explaining why Mr. Farr was not as physically active as he had been during the insured period.  (R. at 25.)  The ALJ emphasized that it was Plaintiff's physical condition prior to September 30, 1999 that was at issue, and that the testimony provided by the claimant in July of 2002 was consistent with an ability to engage in gainful employment.  Because the ALJ did not reject the opinion of Dr. Anthony on the basis of an assumed deterioration in condition between September 30, 1999 and January of 2001, but instead relied upon the medical evidence as a whole, this aspect of the R&R will not be adopted.  Moreover, for the same reason, the Magistrate Judge's observation that the ALJ failed to adequately explain the decision to not accord full credibility to Plaintiff's testimony, (R&R at 10), will not be adopted.

sit alternatively, could not perform overhead work or reach beyond arm's length, was not able to operate foot controls or drive, and was unable to kneel, crouch or crawl. (R. 26.) These significant limitations are consistent with Mr. Farr's subjective complaints. The vocational expert opined that there were jobs in substantial numbers in the economy for a person with these limitations. The vocational expert's testimony constitutes substantial evidence supporting the Commissioner's decision.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Dkt. Entry 19), with the exception of the findings made at pages 9 and 10 concerning the treating physician's opinion and the ALJ's credibility determination, is **ADOPTED.**

2. The decision of the Commissioner of Social Security denying the application for disability insurance benefits is **AFFIRMED.**

3. The Clerk of Court is directed to mark this matter **CLOSED.**

**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge
